UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRYOR CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> PRYOR RENOVATIONS, INC. and PETER PRYOR, <br><br> Defendants. | Case No. <br><br><br> Jury Trial Demanded |

## COMPLAINT

Plaintiff PRYOR CONSTRUCTION, INC. ("Plaintiff"), by and through its undersigned attorneys, hereby brings this Complaint against Defendants PRYOR RENOVATIONS, INC. and PETER PRYOR (together, "Defendants"). In support thereof, Plaintiff states as follows:

## PARTIES

1. Plaintiff is an Illinois corporation with a principal place of business at 2118 W. Montrose Ave., Chicago, IL 60618.

2. Defendant Pryor Renovations, Inc. ("Pryor Renovations") is an Illinois corporation with a principal place of business at 136 Waterbury Circle, Schaumburg, IL 60193.

3. Defendant Peter Pryor ("Defendant Pryor") is a resident of Cook County, Illinois.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§1331, 1338 (for claims arising under 15 U.S.C. §1125 of the Lanham Act). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338, 1367.

5. This Court has specific personal jurisdiction over Defendants because they have engaged in conduct, giving rise to the claims herein, that satisfies the Illinois long-arm statute (735

ILCS 5/2-209), including the commission of tortious acts within Illinois. Specifically, Defendants operate a competing business in Illinois that uses a confusingly similar name.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b)(2) and 1391(e), as both Defendants and the Plaintiff reside within the Northern District of Illinois.

## FACTUAL BACKGROUND

7. In or around 1990, Defendant Pryor started a business that provided custom construction and renovation services to consumers in the Chicagoland area.

8. In February of 1995, Defendant Pryor incorporated "Pryor Construction, Inc." in Illinois and thereafter began providing construction and renovation services to persons in and outside of Illinois under the PRYOR CONSTRUCTION brand.

9. In September of 2016, Defendant Pryor—who owned 100% of Pryor Construction, Inc. stock at the time—sold 100% of Pryor Construction, Inc. shares to Ridas Kalade and Mary Capistrano. *See* Exhibit 1, at 2. Defendant Pryor represented that he was retiring.

10. The share purchase agreement between Defendant Pryor, Ridas Kalade, and Mary Capistrano ("the Agreement") provided that in exchange for $100,000 and other agreed-upon covenants, Defendant Pryor would transfer 100% of the shares of Pryor Construction, Inc. to Ridas Kalade, and Mary Capistrano, with Defendant Pryor representing and warranting that Pryor Construction, Inc. "owne[d] outright all of the equipment *and other assets* appurtenant to the Business free and clear of any and all claims, liens, or encumbrances . . . ." *See* Exhibit 1, at 2 (emphasis added).

11. Among the "assets" Ridas Kalade and Mary Capistrano purchased via the Agreement was the PRYOR CONSTRUCTION trademark and associated goodwill. Indeed, the $100,000 purchase price was arrived at by in part by valuing the PRYOR CONSTRUCTION trademark and

associated goodwill accumulated over decades. When Defendant Pryor sold the company and all of its assets, Defendant Pryor did not retain any of those assets or rights.

12. After purchasing Pryor Construction, Inc., Ridas Kalade and Mary Capistrano registered two federal trademarks: PRYOR CONSTRUCTION (Reg. No. 5540575) for custom construction and building renovation services and PRYOR DRIVEN TO ACHIEVE MORE SINCE 1990 & Design (Reg. No. ) also for custom construction and building renovation services. *See* Exhibits 2-3.

13. Among other services, Plaintiff builds, renovates, and remodels living areas, kitchens, basement buildouts, exteriors, bathrooms, additions, and custom homes

14. Since the 2016 sale, Plaintiff has cultivated a network of highly skilled subcontractors and suppliers and boasts the highest third-party ratings, including an "A+" from the Better Business Bureau, a five-star rating from Houzz.com, a five-star rating on Facebook®, a five-star rating on Yelp®, and an "A" rating on Angie's List®.

**Defendants' Unlawful Conduct**

15. After selling Pryor Construction, Inc. in 2016 to Mr. Kalade and Ms. Capistrano, in June of 2017 Defendant Pryor inexplicably incorporated "Pryor Renovations, Inc." and began doing business as "Pryor Renovations," offering custom construction and renovation services.

16. Since "Pryor Renovations" is virtually identical with "Pryor Construction" (the term "renovations" is synonymous with "construction"), and since both companies offer identical renovations services, consumers are readily confused by the two companies' name and trademarks.

17. In fact, since 2017, (1) multiple subcontractors have mistakenly called Plaintiff's office looking for Defendant Pryor, (2) suppliers have invoiced Plaintiff for Defendants' jobs, (3) a local architect mistakenly believed that Plaintiff is associated with Defendant Pryor, and (4)

3

online search engines consistently yield Plaintiff's company when "Pryor Renovations" is searched.

18. Defendants' official listings of his confusingly similar company has caused and will continue to cause confusion among consumers, sub-contractors, and government officials.

19. Plaintiff seeks to immediately stop the escalating consumer confusion and redirection of online traffic and business; Plaintiff also wishes to regain control of its brand, imminently fearing Defendants' different, and often times lower quality services will tarnish Plaintiff's reputation and reduce its hard-fought and well-established goodwill.

20. Prior to filing a lawsuit, Plaintiff contacted Defendants via a letter from its attorneys, demanding that Defendants change their name and stop using the term "PRYOR." Plaintiff's attorneys also called Defendant Pryor to kindly ask him to change the name of the company. In response, Defendant Pryor stated, "sue me."

21. Since Defendants refused to change their name, Plaintiff was forced to file this lawsuit.

## **TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

22. Plaintiff realleges and hereby incorporates by reference the allegations set forth in Paragraphs 1-21.

23. Plaintiff, the lawful owner and exlusive holder of the federally registered PRYOR CONSTRUCTION and PRYOR DRIVEN TO ACHIEVE MORE SINCE 1990 & Design marks, uses the mark to signify the source of its custom building, remodeling, and renovation services.

24. The PRYOR CONSTRUCTION and PRYOR DRIVEN TO ACHIEVE MORE SINCE 1990 & Design marks have acquired distinctiveness through nearly three decades of use.

25. The United States Patent and Trademark Office ("the USPTO") concluded that PRYOR CONSTRUCTION and PRYOR DRIVEN TO ACHIEVE MORE SINCE 1990 & Design were distinctive marks for Plaintiff's services and thus registered the marks on the Principal Register. *See* Exhibit 2-3.

26. Without Plaintiff's authorization, sometime in 2017 Defendants began using the name "Pryor Renovations, Inc." and the mark "PRYOR RENOVATIONS" in connection with custom building and renovations services in around Chicago, Illinois.

27. Defendants' use of a virtually identical mark for a competing service directly infringes on and undermines Plaintiff's federally registered trademarks.

28. As a result of Defendants' tortious and willful conduct, consumers have been actually confused in numerous instances.

29. Defendants sold Pryor Construction, Inc. only to then open the same business with a virtually identical name in order to free ride of Plaintiff's goodwill and well-established brand.

30. Defendant' provision of the same exact services, using a name and mark virtually identical with Plaintiff's federally registered marks, in the same geographical area, through the same channels of trade (an online website and word of mouth), has caused and is likely to continue to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of Plaintiff's services, in that the general public, trade, and others are likely to believe that Defendants' services emanate from Plaintiff or are legitimately connected with, approved by, or related to Plaintiff.

31. Defendants' aforesaid usage of Plaintiff's trademarks for their services constitutes trademark infringement in violation of Section 32 of the United States Trademark Act, 15 U.S.C. § 1114.

32. Actual confusion in this case is widespread.

33. Defendants' communications and actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill and commercial magnetism associated with the Plaintiff's marks to the great and irreparable injury of Plaintiff.

34. Even though Plaintiff has asked Defendants to cease and desist using the PRYOR name for competing services, times, Defendants have refused to stop sewing consumer confusion.

35. Defendant have made clear that they intend to continue to infringe on Plaintiff's federally registered marks unless restrained by this Court.

36. Defendants' aforesaid acts greatly and irreparably damage Plaintiff, and will continue to damage Plaintiff unless Defendants are enjoined by this Court, and so Plaintiff is without an adequate remedy at law.

WHEREFORE, Plaintiff pray that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendants as follows:

(a) Preliminary and permanent injunctive relief against Defendants, enjoining them and their partners and agents from using the term "PRYOR" (or anything similar thereto) in connection with building, renovation, and remodeling services—or any services similar thereto;

(b) Plaintiff's damages to associated with Defendants' unlawful actions, in an amount to be determined at trial, but in no event less than $50,000;

(c) Plaintiff's cost and reasonable attorneys' fees in the Court's discretion.

(d) Both pre-judgment and post-judgment interest; and

(e) Such other and further relief as this Court finds just and equitable.

## Count II
## UNFAIR COMPETITION (Illinois Common Law)

37. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 36 herein.

38. Defendants' use of a mark virtually identical to Plaintiff's registered trademarks for the exact same services has caused consumer confusion, redirect sales, and a steep reduction of the source identifying power and goodwill of Plaintiff's mark.

39. Defendants conduct as set forth herein constitutes unfair competition under Illinois common law.

40. Defendants' aforesaid acts greatly and irreparably damage Plaintiff and will continue to damage Plaintiff unless enjoined by this Court, as Plaintiff is without an adequate remedy at law.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendants that includes the following:

(a) Preliminary and permanent injunctive relief against Defendants, enjoining them and their partners and agents from using the term "PRYOR" (or anything similar thereto) in connection with building, renovation, and remodeling services—or any services similar thereto;

(b) Damages to Plaintiff in an amount to be determined at trial, but in no event less than $50,000;

(c) Costs, attorney fees, investigatory fees, and expenses to the full extent provided by applicable law;

(d) Both pre-judgment and post-judgment interest; and,

(e) Such other and further relief as this Court finds just and equitable.

## Count III
## DECEPTIVE TRADE AND BUSINESS PRACTICES (815 ILCS 510/1, et seq.)

41. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 40 herein.

42. Defendants; aforesaid acts violate the Uniform Deceptive Trade Practices Act of the state of Illinois, 815 ILCS 510/1--510/7, and similar laws in the states where Defendants sold competing services using a name and mark willfully designed to deceive consumers.

43. Defendants' aforesaid acts violate the Consumer Fraud and Deceptive Business Practices Act of the state of Illinois, 815 ILCS 505/1--505/12.

44. Defendants' aforesaid acts greatly and irreparably damage Plaintiff and will continue to damage Plaintiff unless enjoined by this Court, as Plaintiff is without an adequate remedy at law.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendants that includes the following:

(a) a preliminary and permanent injunction;

(b) Costs, attorney fees, investigatory fees, and expenses to the full extent provided by applicable law;

(c) Both pre-judgment and post-judgment interest; and,

(d) Such other and further relief as this Court finds just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated: October 8, 2018

Respectfully submitted,

Plaintiff PRYOR CONSTRUCTION, INC.

By: /s/ Daliah Saper
Daliah Saper
Bar No. 6283932
Saper Law Offices, LLC
505 N LaSalle, Suite 350
Chicago, IL 60654
Telephone: 312-527-4100
ds@saperlaw.com

Matthew Grothouse
Bar No. 6314834
Saper Law Offices, LLC
505 N LaSalle, Suite 350
Chicago, IL 60654
Telephone: 312-527-4100
matt@saperlaw.com